IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:03-cv-842-WDS |
| ) | |
| RANDALL L. MITCHELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion for Sanctions filed by the Defendant, Randall L. Mitchell, on November 28, 2005 (Doc. 20). The motion is **DENIED WITHOUT PREJUDICE**.

**BACKGROUND**

On November 8, 2005, the Defendant issued a Notice of Deposition to the Plaintiff which set his deposition date of November 16, 2005 at 9:30 a.m. The deposition was to occur at the Illinois Attorney General's Office in Springfield, Illinois. The Notice was mailed to the Plaintiff, who is acting *pro se*, at his address in Danville, Illinois and received on November 9, 2005. The Plaintiff, however, failed to appear for his deposition. He also did not contact the Defendant's attorney prior to or after the scheduled deposition. Finally, the Plaintiff has not responded to this motion for sanctions.

**DISCUSSION**

Federal Rule of Civil Procedure 30(a) and (b)(1) provide that a party may take the deposition of any person without leave of court upon reasonable notice. Rule 37 further provides that if a party fails to attend their own deposition, this Court may impose sanctions that are just including striking a pleading, dismissal of an action, and/or imposition of reasonable expenses

and attorney's fees. It is clear that the Defendant provided the Plaintiff with notice of the deposition and that the Plaintiff failed to appear. The Plaintiff also did not perform the simple courtesy of informing the Defendant that he could not appear at the date and time in the Notice. What is unclear, however, is whether 7 days notice, to a *pro se* Plaintiff who lives over a hundred miles from the place of the deposition, is reasonable notice under the Federal Rules.

There is no hard-and-fast rule that provides the parameters of reasonable notice. At the very least, however, the reasonableness of any notice is contingent upon the specific facts of a case. See generally In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 320, 327-328 (N.D. Ill. 2005); United States v. Phillip Morris, Inc., 312 F.Supp.2d 27, 36-37 (D.D.C. 2004); C & F Packing Company v. Doskocil Companies, Inc., 126 F.R.D. 662, 678 (N.D. Ill. 1989). In this case, the Court was notified on May 20, 2005 that the Plaintiff was released from prison. He lives in Danville, Illinois, more than a hundred miles from Springfield, Illinois, where the Defendant noticed the deposition. The Plaintiff presumably received notice of the deposition on November 9, 2005, only 7 days and 5 business days prior to the scheduled deposition date. It is conceivable that a *pro se* Plaintiff has other personal and professional obligations that may prevent him from attending a scheduled event within a week. It is also conceivable that a *pro se* litigant, with little familiarity with deposition procedures, may require additional time to prepare for such an exercise. Given these consideration, the Defendant did not provide reasonable notice. The Defendant, at the very least, should have provided at least two weeks notice. This amount of time would have provided ample opportunity for the Plaintiff to secure transportation and take time off work. For this reason, the Court will not impose sanctions at this time.

Nonetheless, the Court still is concerned that the Plaintiff failed to contact the Defendant

concerning the deposition. The Court assumes that the Defendant still wishes to depose the Plaintiff. As such, the discovery deadline in this case is **RESET** to January 30, 2006. The Dispositive Motions deadline is also **RESET** to February 15, 2006.

The Plaintiff is **WARNED** that he must attend his deposition should the Defendant wish to reschedule. It is unacceptable to wholly ignore a reasonable notice of deposition. To that end, the Plaintiff **SHALL** contact the Defendant upon receipt of a deposition notice and indicate that he will attend. If the Plaintiff does not so contact the Defendant, at least 7 days prior to the scheduled deposition, the Defendant may re-file this motion. It would be an exercise in futility for the Defendant to notice another deposition, and to incur the expense of the deposition, when it is questionable that the Plaintiff will attend. The Plaintiff is further **WARNED** that the failure to participate in his deposition **SHALL** result in the sanctions outlined in Federal Rule of Civil Procedure 37(b) and may include dismissal of this lawsuit.

## CONCLUSION

For the foregoing reasons, the Motion for Sanctions filed by the Defendant, Randall L. Mitchell, on November 28, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 20).

**DATED: December 21, 2005**

> s/ Donald G. Wilkerson
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**