IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEANDRE WILLIAMS,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Case No. 3:03-cv-842-WDS
                                     )
RANDY MITCHELL,                      )
                                     )
        Defendant.                   )

**ORDER**

This matter is before the Court on the Motion for Sanctions filed by the defendant, Randy

Mitchell, on April 7, 2006 (Doc. 33) and a Motion for Trial filed by the plaintiff, Deandre

Williams, on April 17, 2006 (Doc. 34).  For the reasons set forth below, the Motion for Sanctions

is **TAKEN UNDER ADVISEMENT** and the Motion for Trial is **DENIED WITHOUT**

**PREJUDICE.**

**BACKGROUND**

On March 1, 2006, the defendant filed a motion to compel the plaintiff to respond to

written discovery served by January 19, 2006.  The plaintiff neither responded to the discovery

requests nor did he file a response to the motion to compel.  On March 15, 2006, this court

granted the motion to compel and ordered the plaintiff to respond to the discovery requests or

face certain sanctions outlined therein.  On March 27, 2006, the plaintiff did file a response to

the defendant's pending motion for summary judgment but there is no indication that he

responded to the discovery requests.  In the present motion, the defendant represents that the

plaintiff still has failed to respond to the discovery requests or comply with this Court's order.

Thus, the defendants seek the sanctions outlined in the March 15, 2006 order.

The plaintiff also has filed a motion.  In this document he asserts that he has suffered a

great deal at the hands the defendant.  This document appears to be a response to the sanctions request and also a motion that this matter be set for trial.

DISCUSSION

**Motion for Sanctions**

Federal Rule of Civil Procedure 37 provides for a variety of sanctions that may be imposed when a party fails to obey and order of this Court to comply with discovery deadlines. The Court may enter sanctions "as are just" that may include striking of pleadings, a ruling that certain evidence may not be used to support any claims, and/or the imposition of reasonable expenses caused by the failure on opposing counsel, among other things.

The defendant is entirely accurate that this Court already has warned the plaintiff that sanctions will be imposed if he continues to fail to comply with the Rules regarding discovery. However, the Court also is mindful that the plaintiff is proceeding *pro se*.  This status, while not insulating the plaintiff from complying with the Federal Rules of Civil Procedure, does effect whether the imposition of sanctions, including monetary sanctions, are "just" at this point.  The Court notes that the plaintiff's response to the motion for summary judgment also purports to be answers to interrogatories (Doc. 29).  While it is abundantly clear that the response fails to comply with the requirements of Rule 33,[1] it is nonetheless an attempt that will stay the imposition of sanctions.

Therefore, the plaintiff will be given one more opportunity to comply with Rule 33 and serve responses to the defendants interrogatories.  The plaintiff shall respond to the

---

[1] Rule 33 requires each interrogatory to be answered "separately and fully in writing under oath . . ."  The plaintiff has failed to do this.

interrogatories by **May 26, 2006**.  On that date, the plaintiff must serve the interrogatory

answers, without objection, on the defendant and file a copy of the responses with the Court.  **If**

**the plaintiff fails to comply with this order, the Court, on May 30, 2006 will enter an order**

**that will prohibit the plaintiff from presenting at trial or in response to any motion those**

**facts/evidence/information that is/are responsive to the defendant's discovery requests.**

**Motion for Trial**

In this motion, the plaintiff seeks an order that would set this matter for trial.  Currently

pending is a motion for summary judgment to which the plaintiff has responded.  As outlined

above, the plaintiff also is required to respond to outstanding discovery.  This matter will be set

for trial once the pending motion for summary judgment has been resolved.

CONCLUSION

For the foregoing reasons, the Motion for Sanctions filed by the defendant, Randy

Mitchell, on April 7, 2006  is **TAKEN UNDER ADVISEMENT** (Doc. 33) and a Motion for

Trial filed by the plaintiff, Deandre Williams, on April 17, 2006 is **DENIED WITHOUT**

**PREJUDICE** (Doc. 34).


**DATED: May 10, 2006**

                                        **s/ Donald G. Wilkerson**
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**

3